# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.  **CV 25-11677-JFW(SKx)** | Date:  December 10, 2025 |
| Title:  Garment District Holdings LLC *-v-* Chauncy Dennis, et al. | |

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT;**

**ORDER DENYING AS MOOT DEFENDANT CHAUNCY DENNIS'S REQUEST TO PROCEED IN FORMA PAUPERIS [filed 12/9/25; Docket No. 2]; and**

**ORDER DENYING AS MOOT DEFENDANT CHAUNCY DENNIS'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION [filed 12/9/25; Docket No. 4]**

      On June 13, 2025, Plaintiff Garment District Holdings, LLC ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendants Chauncy Dennis ("Dennis") and We Don't Do Normal Inc. ("Normal") (collectively, "Defendants") in Los Angeles County Superior Court.  On December 9, 2025, Dennis filed a Notice of Removal. Although Dennis did not allege a basis for the removal, he alleged that enforcement of the "state court judgment and writ would violate [his] federal due process rights."

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See*

*Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Dennis bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

      Dennis has failed to meet his burden of demonstrating that removal is proper.  Plaintiff's Complaint alleges a claim for unlawful detainer under state law.  "An unlawful detainer action does not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction."  *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted).  In addition, "[f]ederal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the [Protecting Tenants at Foreclosure Act]."  *Lender Servicing LLC v. Shokoor*, 2012 WL 2934996, at *4 (E.D. Cal. July 18, 2012).  Moreover, to the extent that Dennis alleges there are defenses based on federal law, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."  *ARCO Env't Remediation, L.L.C. v. Dept. of Health and Env't Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).  As a result, there is no federal question jurisdiction presented by Plaintiff's action.  Finally, Dennis has failed to allege the citizenship of the parties or the amount in controversy and, as a result, Dennis has failed to demonstrate that diversity jurisdiction exists under 28 U.S.C. §1332.

      For all the foregoing reasons, this Court lacks subject matter jurisdiction over this action.  Accordingly, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).  In light of the Court remanding this action, Dennis's Emergency Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction (Docket No. 4) and Request to Proceed In Forma Pauperis (Docket No. 2) are **DENIED as moot**.

      IT IS SO ORDERED.